# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| **JAMES KING**, *et al.*, | **CASE NO.:   1:13-cv-00306-MRB** |
| **Plaintiffs,** | |
| | **JUDGE: Hon. Michael R. Barrett** |
| **vs.** | |
| **BOARD OF TRUSTEES OF THE CARPENTERS HEALTH FUND OF WEST VIRGINIA** | <u>**ORDER**</u> |
| **Defendants.** | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for and a Memorandum in Support of a Temporary Restraining Order ("TRO Motion"). (Docs. 4 and 5). In support of that TRO Motion, Plaintiffs have filed a Complaint for Injunctive Relief as well as certified affidavits. (*See* Docs. 1, 4, and 5). On May 13, 2013, the Court held a hearing on the TRO Motion during which both Plaintiffs and Defendants presented evidence and argument.

Under Federal Rule of Civil Procedure 65, injunctive relief is an extraordinary remedy whose purpose is to preserve the status quo. In determining whether to grant or deny a temporary restraining order, this Court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4)

1

whether the public interest would be served by issuance of the injunction. *Chabad of S. Oh. & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997)); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). The foregoing factors are not prerequisites, but rather are factors which the Court should balance. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court, having considered the submitted evidence and briefs as well as the arguments of counsel, finds Plaintiffs' TRO Motion well taken. The Court specifically finds that unless a Temporary Restraining Order is issued, the members of the Sheet Metal Workers Local No. 33 bargaining unit, including all active participants, dependents, and beneficiaries, who were receiving coverage as of April 30, 2013 will be irreparably harmed by the cancellation of their medical benefits. The Court further finds that Plaintiffs have demonstrated a strong likelihood of success on the merits of their claims under Section 502(a)(3)(A) of ERISA, 29 U.S.C. § 1132(a)(3)(A), and Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and that there is minimal harm to the Defendant by issuing a Temporary Restraining Order.

Accordingly, the TRO Motion (Docs. 4 and 5) is hereby **GRANTED**. It is **ORDERED** that:

1. Defendant, its servants, agents, service providers and employees are hereby enjoined and restrained, retroactive to May 1, 2013, from cancelling health care coverage under the Carpenters Health Fund of West Virginia on all members of the Sheet Metal Workers Local

No. 33 bargaining unit, including all active participants, dependents, and beneficiaries, until 11:59 pm Wednesday, May 22, 2013.

2. Plaintiff's motion for Preliminary injunction is assigned for hearing on this 22nd day of May 2013 in Courtroom 109 at 9:30 am in the United States District court, Southern District of Ohio, Western Division (Cincinnati).

3. Plaintiffs will not be required to execute a security bond in conjunction with this Order because a bond is not appropriate under the circumstances of this case.

4. This Order is to expire as noted above unless within such time the Order, for good cause shown, is extended or unless the Parties consent that it may be executed for a longer period.

**IT IS SO ORDERED.**

The Honorable Michael R. Barrett
United States District Judge